## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Pepper Gardner,                 )

                            )

         Plaintiff,          )

                            )     Civil Action No. 2:25-3909-RMG

    vs.                    )

                            )

Frank Bisignano, Commissioner of Social  )

Security,                   )     **ORDER**

                            )

         Defendant.      )

_____ )

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI").  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R") on July 9, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 15).  The Commissioner filed no objections to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Discussion

The Administrative Law Judge ("ALJ") found that Plaintiff suffers from multiple severe impairments, including lumbar radiculopathy, coronary artery disease status post coronary artery bypass graft, and obesity disorder. As a result of these severe impairments, the ALJ found that Plaintiff had a RFC of less than the full scope of sedentary work, which is the lowest level of function that a Social Security claimant can have and not be deemed disabled under the Social Security Act.  With such a marginal RFC, even a small error by the ALJ can tip the balance between disabled and not disabled.

In a well reasoned R & R, the Magistrate Judge recommended that the decision of the Commissioner be reversed and remanded because of the ALJ's repeated reliance on Plaintiff's

limited follow up treatment without considering the documented evidence that that for a substantial period of time she had no health insurance and limited financial resources. It is well settled in the Fourth Circuit that a Social Security claimant "may not be penalized for failing to seek treatment she cannot afford." *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986). The Magistrate Judge further noted the ALJ's reliance almost entirely on objective evidence in evaluating Plaintiff's subjective complaints, in violation of the Fourth Circuit's well settled case law that reliance on objective medical evidence to evaluate a claimant's subjective complaints improperly increases a claimant's burden of proof. *See*, *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017).

### Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 15) as the Order of the Court, pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for a new hearing consistent with this Order. In light of the fact that this application for disability benefits has been pending for nearly six years and appears to raise substantial questions regarding whether Plaintiff is disabled under the Social Security Act, the Commissioner is directed to conduct a new administrative hearing within 120 days and to issue a final agency decision within 150 days.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 24, 2026